U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JUL 2 3 2008

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

MARK ANTHONY ROBICHAUX     CIVIL ACTION NO. 08-0278; SEC. P

VERSUS     JUDGE DRELL

AVOYELLES PARISH CORR.     MAGISTRATE JUDGE KIRK
CENTER, ET AL.

## REPORT AND RECOMMENDATION
## TO DISMISS SOME, BUT NOT ALL, DEFENDANTS

Mark Anthony Robichaux, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections, who is presently confined at the South Louisiana Correctional Center ("SLCC") in Basile, Louisiana, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 27, 2008. He was allowed to proceed *in forma pauperis*, and he was ordered to amend his complaint on May 30, 2008.

Plaintiff complains that officials at the Avoyelles Parish Corrections Center ("APCC") in Marksville, Louisiana, confiscated his bottom set of dentures and did not return them. Thereafter, Plaintiff's requests for replacement dentures and for medical treatment at three other prisons have gone unheeded. Plaintiff prays that the defendants be ordered to replace his dentures and pay compensatory damages for pain and suffering.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

**Statement of the Case**

On September 10, 2007, Plaintiff arrived at APCC and his property was inventoried. Upon discovering that the bottom set of Plaintiff's dentures contained a silver retaining plate, the dentures were seized. Plaintiff was informed that the retaining plate in the dentures could be used as a weapon.

On September 12, 2007, Plaintiff was transferred to Lasalle Correctional Center ("LCC") without his dentures. Plaintiff's gums became swollen and cut due to the lack of bottom dentures. Plaintiff submitted a grievance to Warden Jeff Windham, but never received a response. Plaintiff complained to the medical department about the bleeding and soreness, but he was merely placed on a ninety day waiting list. After approximately ninety days at LCC, on December 13, 2007, Plaintiff was transferred to J.B. Evans Correctional Center ("JBECC").

Plaintiff notified JBECC Deputy Warden Jim Sills about his dental problem, and Sills advised Plaintiff that he would help Plaintiff get his dentures back or see to it that they were replaced. Plaintiff also informed the JBECC medical department that his gums were bleeding and sore, but he was again placed on a waiting list. Then, approximately four weeks later, Plaintiff was transferred again, this time to SLCC.

When he arrived at the SLCC, Plaintiff informed the medical department of his problem and showed them his gums. Plaintiff was

2

again placed on the dental list. Plaintiff informed Deputy Warden Michael Striedel of his medical problem and the lack of treatment. He also notified Captain Smith of his dilemma, and Smith advised that "he would do what he could" to get the dentures replaced. However, as of the time that Plaintiff filed his amended complaint, the problem had still not been resolved. Plaintiff has gone almost one year without bottom dentures, and he has been suffering from swollen, bleeding, painful gums, as well as other symptoms, during that time.

Plaintiff seeks the replacement of his dentures and compensatory damages for the pain and suffering he endured as a result of not having his bottom dentures.

## Law and Analysis

### I. Eighth Amendment Claims

The constitutional right of a convicted prisoner to medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm or serious medical need, resulting in injury. Estelle v. Gamble, 429 U.S. 97, 104 (1976)

#### A. Serious Medical Need

A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen

would recognize that care is required. Gobert v. Caldwell, 463 F.3d 339, 345 n. 12 (5th Cir. 2006). Plaintiff has alleged that, because he has no bottom dentures, he has difficulty eating and cannot properly chew his food. He alleges that he suffers pain from swollen gums, bleeding in his mouth, chronic stomach aches, and difficulty in having bowel movements due to his inability to chew his food properly.

Plaintiff's complaint and amended complaint, construed liberally and taken as true, present facts that could establish a serious medical need for dentures. See Huffman v. Linthicum, 265 Fed. Appx. 162 (5th Cir. 2008)(unpublished), citing Farrow v. West, 320 F.3d 1235, 1244-45 (11th Cir. 2003) (holding that a prisoner with similar symptoms demonstrated a serious medical need for dentures); Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) (same); Hunt v. Dental Dept., 865 F.2d 198, 201 (9th Cir. 1989) (same); see also Vasquez v. Dretke, 226 Fed. Appx. 338 (5th Cir. 2007)(unpublished)(same).

B. **Deliberate Indifference**

Deliberate indifference entails more than "mere negligence," and requires the prisoner to show that the prison official was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety. Farmer v. Brennan, 511 U.S. 825, 836-7 (1994). To prevail on a claim of deliberate indifference to

4

medical needs, the plaintiff must establish that the defendant denied him treatment, purposefully gave him improper treatment, or ignored his medical complaints. See Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). Plaintiff alleges that he repeatedly asked for medical care and for dentures, but his complaints were ignored. Plaintiff claims that he was moved from prison to prison without ever receiving much needed medical treatment. Plaintiff has set forth facts supporting his allegation that his medical complaints were ignored and that he was denied medical treatment.[1]

## II. Tort Claim

Plaintiff seeks to hold the defendants liable for the intentional or negligent loss or misappropriation of his dentures. Thus, Plaintiff has raised a pendant state tort claim in addition to his §1983 medical care claim. Because the Court has original jurisdiction over the medical care claim, the Court may exercise supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

## III. Juridical Person & Supervisory Liability

Plaintiff has named as defendants the various facilities where he was incarcerated. Federal Rule of Civil Procedure 17(b)

---

[1] Cf. Whitley v. Russo, 2006 WL 2434445 (S.D. TX 2006)(Plaintiff's claim dismissed under §1915 because he *was* evaluated for dentures and was included in a group of inmates who would be issued dentures when they became available. Plaintiff did receive his dentures and, until then, he was provided extra time to eat as well as soft or pureed food.)

5

provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether these facilities have the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "...an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. While LCC appears as a corporate entity in the Louisiana Secretary of State's Commercial Division Corporations Database, APCC, JBECC, and SLCC do not.[2] Thus, Plaintiff's complaints against these non-juridical defendants should be dismissed.

Plaintiff amended his complaint on July 7, 2008, and presented allegations against Warden Jeff Windham and the medical staff of LCC, Deputy Warden Jim Sills and the medical department of JBECC, and Deputy Warden Michael Striedel and the medical department of SLCC.[3] Plaintiff has alleged facts indicating personal involvement by the supervisory officials as set forth in his amended complaint.

---

[2] See http://www400.sos.louisiana.gov/app1/paygate/crpinq.jsp

[3] To the extent that Plaintiff would want to add the enumerated medical departments as defendants, his claims against those "departments" would also have to be dismissed, as a medical department is not a "juridical person" as defined by the Louisiana Civil Code.

## Conclusion

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's claims against the following non-juridical entities only be **DISMISSED**: Avoyelles Parish Correctional Center, J.B. Evans Correctional Center, and South Louisiana Correctional Center.

**An order for service of process as to the remaining defendants will be issued forthwith.**

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana,

this 23 day of _____, 2008.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE